UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:23-CR- 153 |
| | : | |
| v. | : | (Judge CONNER    ) |
| | : | |
| **DEVONTE BETTS,** | : | |
| **LAMARR WATERS,** | : | **FILED** |
| **RODNEY MCMILLIAN, and** | : | **HARRISBURG, PA** |
| **TYREESE NEALY,** | : | JUN - 7 2023 |
| Defendants. | : | |

PER ___ JB~ _____
DEPUTY CLERK

## I N D I C T M E N T

THE GRAND JURY CHARGES:

### COUNT 1
21 U.S.C. § 846
(Conspiracy to Distribute Controlled Substances)

Beginning on or about August 3, 2022, up to and including May

10, 2023, in Dauphin County, within the Middle District of

Pennsylvania and elsewhere, the defendants,

**DEVONTE BETTS,**
**LAMARR WATERS,**
**RODNEY MCMILLIAN, and**
**TYREESE NEALY,**

did intentionally and knowingly unlawfully combine, conspire,

confederate and agree with persons known and unknown to the grand

jury, to distribute and possess with the intent to distribute Fentanyl, a

Schedule II controlled substance, and 50 grams and more of Methamphetamine, a Schedule II controlled substance.

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators, both indicted and unindicted, committed, among others, overt acts in the Middle District of Pennsylvania and elsewhere, including but not limited to the conduct alleged in Counts 2 through 17.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

Before the defendant, **RODNEY MCMILLIAN**, committed the offense charged in this count, the defendant, **RODNEY MCMILLIAN**, was convicted of a serious drug felony under Title 35 of the Pennsylvania Consolidated Statutes, Section 780-113(a)(30) in the Dauphin County Court of Common Pleas, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was

convicted of a serious drug felony under Title 21 United States Code,

Section 841(a) in the United States District Court for the Middle

District of Pennsylvania, for which he served more than 12 months of

imprisonment and for which he was released from serving any term of

imprisonment related to the offense within 15 years of the

commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about August 3, 2022, in Dauphin County, within the

Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS and
TYREESE NEALY,**

did intentionally and knowingly unlawfully distribute 50 grams and

more of a mixture and substance containing a detectable amount of

Methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(B).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

<u>**COUNT 3**</u>
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about August 25, 2022, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

**DEVONTE BETTS,**

did knowingly and intentionally possess with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

4

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about September 22, 2022, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

**DEVONTE BETTS,**

did knowingly and intentionally possess with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

5

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

<u>**COUNT 5**</u>
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about October 20, 2022, in Dauphin County, within the Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS and
LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

<u>**COUNT 6**</u>
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about November 10, 2022, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

**DEVONTE BETTS,**

did knowingly and intentionally possess with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

7

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

## COUNT 7
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about December 14, 2022, in Dauphin County, within the Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS and
LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

### COUNT 8
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about January 11, 2023, in Dauphin County, within the Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS and**

**LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

### COUNT 9
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Fentanyl)

On or about January 18, 2023, in Dauphin County, within the Middle District of Pennsylvania, the defendants,

10

**LAMARR WATERS and**
**RODNEY MCMILLIAN,**

did knowingly and intentionally possess with intent to distribute a

mixture and substance containing a detectable amount of Fentanyl, a

Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(C).

Before the defendant, **RODNEY MCMILLIAN**, committed the

offense charged in this count, the defendant, **RODNEY MCMILLIAN**,

was convicted of a serious drug felony under Title 35 of the

Pennsylvania Consolidated Statutes, Section 780-113(a)(30) in the

Dauphin County Court of Common Pleas, for which he served more

than 12 months of imprisonment and for which he was released from

serving any term of imprisonment related to the offense within 15 years

of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

## COUNT 10
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about February 9, 2023, in Dauphin County, within the

Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS**
**RODNEY MCMILLIAN and**
**LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute 50

grams and more of methamphetamine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(A).

Before the defendant, **DEVONTE BETTS**, committed the offense

charged in this count, the defendant, **DEVONTE BETTS**, was convicted

of a serious drug felony under Title 21 United States Code, Section

841(a) in the United States District Court for the Middle District of

Pennsylvania, for which he served more than 12 months of

imprisonment and for which he was released from serving any term of

imprisonment related to the offense within 15 years of the commencement of the instant offense.

Before the defendant, **RODNEY MCMILLIAN**, committed the offense charged in this count, the defendant, **RODNEY MCMILLIAN**, was convicted of a serious drug felony under Title 35 of the Pennsylvania Consolidated Statutes, Section 780-113(a)(30) in the Dauphin County Court of Common Pleas, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

**COUNT 11**
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Fentanyl)

On or about February 9, 2023, in Dauphin County, within the Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS
RODNEY MCMILLIAN and
LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of Fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

Before the defendant, **RODNEY MCMILLIAN**, committed the offense charged in this count, the defendant, **RODNEY MCMILLIAN**, was convicted of a serious drug felony under Title 35 of the Pennsylvania Consolidated Statutes, Section 780-113(a)(30) in the Dauphin County Court of Common Pleas, for which he served more than 12 months of imprisonment and for which he was released from

serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

<u>**COUNT 12**</u>
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about March 9, 2023, in Dauphin County, within the Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS and
LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of

imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

## COUNT 13
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Fentanyl)

On or about March 9, 2023, in Dauphin County, within the Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS and
LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of Fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of

Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

**COUNT 14**
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Fentanyl)

On or about April 6, 2023, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

**LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of Fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 15
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Methamphetamine)

On or about May 10, 2023, in Dauphin County, within the Middle District of Pennsylvania, the defendants,

**DEVONTE BETTS and
LAMARR WATERS,**

did knowingly and intentionally possess with intent to distribute 50 grams and more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Before the defendant, **DEVONTE BETTS**, committed the offense charged in this count, the defendant, **DEVONTE BETTS**, was convicted of a serious drug felony under Title 21 United States Code, Section 841(a) in the United States District Court for the Middle District of Pennsylvania, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to the offense within 15 years of the commencement of the instant offense.

18

THE GRAND JURY FURTHER CHARGES:

## COUNT 16
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance – Fentanyl)

On or about May 10, 2023, in Dauphin County, within the Middle

District of Pennsylvania, the defendants,

### DEVONTE BETTS and
### LAMARR WATERS,

did knowingly and intentionally possess with intent to distribute a

mixture and substance containing a detectable amount of Fentanyl, a

Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(C).

Before the defendant, **DEVONTE BETTS**, committed the offense

charged in this count, the defendant, **DEVONTE BETTS**, was convicted

of a serious drug felony under Title 21 United States Code, Section

841(a) in the United States District Court for the Middle District of

Pennsylvania, for which he served more than 12 months of

imprisonment and for which he was released from serving any term of

imprisonment related to the offense within 15 years of the

commencement of the instant offense.

THE GRAND JURY FURTHER CHARGES:

## COUNT 17
### 18 U.S.C. § 933(a)(1)
(Trafficking Firearms)

Beginning on or about October 20, 2022, up to and including

January 18, 2023, in Dauphin County, in the Middle District of

Pennsylvania, and elsewhere, the defendants,

### DEVONTE BETTS
### RODNEY MCMILLIAN and
### LAMARR WATERS,

did ship, transport, transfer, cause to be transported, or otherwise

dispose of firearms, to wit:

- Armscor, Model: 206, .38 Caliber bearing S/N: RIA2357720
- Ruger, Model: SP101, .357 caliber bearing S/N: 575-03271
- Ruger, Model: 9E, 9mm caliber bearing S/N: 335-56439
- WWI, Model: WW-15, multi caliber bearing S/N: WW261209
- HS Produkt, Model: XD40 Sub-Compact bearing S/N: XD339271
- Glock, Model: 43X, 9mm caliber bearing S/N: BUTK481
- CZ, Model: Scorpion EVO 3 S1, 9mm caliber bearing S/N: C400597

to an undercover law enforcement agent, in or otherwise affecting

commerce, knowing or having reasonable cause to believe that the use,

carrying, or possession of the firearm by undercover law enforcement

agent would constitute a felony, or did attempt or conspire to do so.

All in violation of Title 18, United States Code, Section 933(a)(1)

and 933(a)(3).

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE:

## FORFEITURE ALLEGATION

1.     The allegations contained in Counts 1 through 17 of this

Indictment are hereby re-alleged and incorporated by reference for the

purpose of alleging forfeitures pursuant to Title 21, United States Code,

Section 853; Title 18, United States Code, Section 924(d); and Title 28,

United States Code, Section 2461(c).

2.     Upon conviction of the offenses in violation of Title 21,

United States Code, Section 841(a)(1) and 846, and Title 18, United

States Code, Sections 933(a)(1) set forth in Counts 1 through 17 of this

Indictment, the defendants,

**DEVONTE BETTS,**
**LAMARR WATERS,**
**RODNEY MCMILLIAN, and**
**TYREESE NEALY,**

shall forfeit to the United States pursuant to Title 21, United States

Code, Section 853; Title 18, United States Code, Section 924(d); and

Title 28, United States Code, Section 2461(c), any property constituting,

or derived from, any proceeds obtained, directly or indirectly, as the

21

result of such offenses; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses; and any firearms and ammunition involved in the commission of the offenses. The property to be forfeited includes, but is not limited to the following seized firearms:

- Armscor, Model: 206, .38 Caliber bearing S/N: RIA2357720
- Ruger, Model: SP101, .357 caliber bearing S/N: 575-03271
- Ruger, Model: 9E, 9mm caliber bearing S/N: 335-56439
- WWI, Model: WW-15, multi caliber bearing S/N: WW261209
- HS Produkt, Model: XD40 Sub-Compact bearing S/N: XD339271
- Glock, Model: 43X, 9mm caliber bearing S/N: BUTK481
- CZ, Model: Scorpion EVO 3 S1, 9mm caliber bearing S/N: C400597

   3.     If any of the property described above, as a result of any act or omission of the defendant:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third party;

     c.     has been placed beyond the jurisdiction of the court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

A TRUE BILL

GERARD M. KARAM
United States Attorney

PAUL J. MOVAS, JR.
Assistant United States Attorney

FOREPERSON

6/7/2023
Date